CHARLES W. DEEDS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 84663, 87383.   Promulgated February 4, 1938.

*George H. Day, Esq.*, for the petitioner.
*H. F. Noneman, Esq.*, for the respondent.

OPINION.

HARRON: The only issue is whether the petitioner is entitled to the exclusion from the total value of conveyances by gift to each donee in each taxable year of $5,000 under section 504 (b), Revenue Act of 1932. Petitioner made gifts to two donees in each taxable year involved but the question is whether they were gifts of future interests.

The Revenue Act of 1932 provides in section 504 (b) the following:

(b) GIFTS LESS THAN $5,000.—In the case of gifts (other than of future interests in property) made to any person by the donor during the calendar year, the first $5,000 of such gifts to such person shall not, for the purposes of subsection (a), be included in the total amount of gifts made during such year.

The exemption from gift tax of $5,000 on gifts to any particular donee in a taxable year is expressly not allowed by the statute in the case of gifts of *future interests*. Explanation is given in the Congressional Committee Reports (Report No. 655, p. 41; Report No. 708, p. 29; 72d Cong., 1st sess.), as follows:

The exemption being available only in so far as the donees are ascertainable, the denial of the exemption in the case of gifts of future interests is dictated by the apprehended difficulty, in many instances, of determining the number of eventual donees and the values of their respective gifts.

The respondent contends that petitioner is not entitled to the claimed gift deductions because the gifts made in the taxable years were gifts of future interests. Petitioner contends that the gifts constituted gifts of present interests in property.

The respondent at the outset of his brief states "that the Board has in effect decided this question against the respondent in *Thomas E. Wells*, 34 B. T. A. 315, affirmed, 88 Fed. (2d) 339", but states that the respondent "desires to save the point and is pursuing the matter further."

The respondent claims first that the beneficiaries of the trusts did not take present interests because he argues that possession and enjoyment of the property are postponed until a future date. This conclusion is based upon the fact that neither the property conveyed to the trust nor the income from it was as a matter of right immediately subject to the unqualified demands of the beneficiaries but rather, until the beneficiaries reached the age of 30, any distribution out of

income or principal was subject to the sole discretion of the trustee. The respondent next claims that the transfers can not be regarded as gifts of present interests to the trust as an entity since the trustee acquired no beneficial interest and the gifts were not to him but to the children. He cites *Burnet* v. *Guggenheim*, 288 U. S. 280, for the proposition that the gift tax statute is not aimed at every transfer of legal title without consideration, but only at transfers that have the quality of a gift. He concludes that it is necessary to consider the equitable rather than the legal interest transferred to determine whether there was a gift of a future interest in property.

In the *Wells* case, *supra*, the same arguments were advanced varied only by the slightly different terms of the trust in that case. In the *Wells* case there were transfers by gift to three irrevocable trusts each created for the benefit of one named minor child. The terms of each trust were that income should be accumulated until the beneficiary should reach 21 or should die before that age; after reaching 21 the income should be paid to the beneficiary until he reached the age of 30 or until the death of his mother, who was the trustee, and upon either of these events the corpus plus the accumulation should be paid over to the beneficiary in fee. In the case of the death of any beneficiary before the time of distribution the trust corpus was to go to his issue or in default of issue to the other children of the grantor. It was there held that although *possession* of the trust property was postponed there was present *enjoyment* thereof by the beneficiaries inasmuch as it was being administered and the income was being accumulated for their sole use and benefit. This conclusion was reached, even though, as in the present case, the trust property was not immediately subject to the demands of the beneficiaries, as a matter of right. The case at bar can be said to be an even stronger case for the conclusion that there is present *enjoyment* by the beneficiaries, because of the power in the discretion of the trustee at any time before the beneficiaries reach the age of 30 to apply for the benefit of or pay over to the beneficiaries the income and/or principal, while in the *Wells* case nothing could be distributed to the beneficiaries until they reached 21. In this case the beneficiaries were living and immediately upon the execution of the trusts, as soon as the trusts realized income, it could be paid to or applied for the maintenance of each beneficiary.

As to the second argument of the respondent, set out above, the Board in the *Wells* case agreed that the trustee, alone, can not be considered as the donee of the gift because the transfer to him does not have the quality of a gift since he has no beneficial use of the property, citing *Burnet* v. *Guggenheim*, *supra*. However, the Board concluded that the trust considered as an entity *embracing the trustee as well as the beneficiaries*, which entity is defined as a person in

the tax statute and has long been treated by the tax statute as having a separate existence, could be considered the donee of the gift. The Board concluded, therefore, as an alternative ground of its decision, that if the trust as an entity be regarded as the donee, it received a present interest in the property, being the entire interest with which the donor parted. The Board's decision was affirmed in *Commissioner* v. *Wells*, 88 Fed. (2d) 339, which placed primary emphasis on this latter ground of the Board's decision.

The present proceeding is not distinguishable in principle from the *Wells* case. Considering the donee, in the case of each gift, to be the trust, a legal entity composed of both trustee and beneficiary, the trust received the "complete property" or all of the grantor's right, title, and interest in the property conveyed by gifts. All title and interest went out of the grantor at the time of the gifts. Receiving the entire title, the trust, therefore, as an entity, received a present interest in the property. This "trust entity" theory has been adopted as an alternative ground of decision in the subsequent cases of *Commissioner* v. *Krebs*, 90 Fed. (2d) 880, and *Noyes* v. *Hassett*, 20 Fed. Supp. 31. See also *Seymour H. Knox*, 36 B. T. A. 630.

However, considering the beneficiary alone under each trust as the donee of the gift, there is present the question whether the interest received by him at the time of the gift was a present or future interest. In the case of each trust, one named living beneficiary had the entire beneficial interest throughout the duration of the trust. His interest in the property conveyed to the trustee began immediately upon the conveyance of the property; all income was to be accumulated or applied for the use and benefit of the beneficiary or paid over to him in the discretion of the trustee until the beneficiary reached the age of 30. In the discretion of the trustee the principal could also be applied for his benefit until he reached the age of 30. At the age of 30 the beneficiary was entitled to receive all the income of the trust for the rest of his life; and in the discretion of the trustee, one-half of the corpus and accumulations could be paid to him upon reaching the age of 30. Other distributions of the trust principal could be made during the remainder of the beneficiary's life, in the discretion of the trustee. Under the terms of each trust it ceases to exist upon the death of the beneficiary and he or she may exercise a power of appointment by will over whatever principal, if any, may remain at that time. Thus, throughout the duration of the trust, the beneficiary has the sole beneficial interest and it began immediately upon the creation of the trust without any beneficial interest intervening. Since this interest of the beneficiary began immediately upon the conveyance to the trust, the beneficiary of each

trust took a present interest in the property conveyed. Therefore the $5,000 exclusion from the value of the gifts to each trust is allowable in each taxable year.

This conclusion is in accord with the well considered opinion of Judge Brewster in *Noyes* v. *Hassett, supra,* which case is rather closely in point on its facts. In that case, gifts were made to irrevocable trusts each created for the benefit of a different minor child of the grantor for the child's life, with a special power of appointment by will over any remainder of principal or accumulated income held by the trust at the time of the beneficiary's death. The trustees had discretion during the respective beneficiaries' lives to pay over the net income quarterly or oftener to the beneficiaries, or in their discretion, either to accumulate the income for future distribution, or add it to the corpus of the trust. The trustees also had power to make any payments to the beneficiaries from principal which they should deem for the best interests of the beneficiaries. The court held that despite "the contingencies arising from the discretionary powers conferred upon the trustees", the interests taken by the beneficiaries were not "future interests" and that therefore the $5,000 exclusion was allowable. The case at bar is an even stronger case for allowing the exclusion because of the greater rights of the beneficiaries and the corresponding limitations on the discretion of the trustee. It is even closer to the interest created in the *Wells* case, *supra,* as regards the beneficiaries' ultimate power over any accumulations, since the beneficiaries here have a *general* power of appointment over anything remaining in the trust under which they can appoint to their estates, if they so desire.

We are of the opinion that under the terms of the trusts in the instant case the beneficiaries received at the time the property was conveyed to the trusts by the petitioner, present interests in that property. The petitioner is therefore entitled to the exclusions claimed from the value of the gifts each year to two separate donees as allowed by section 504 (b).

Decision would be entered for petitioner except for errors he appears to have made in stating the total values of the gifts made in each year. In 1934 petitioner returned the gift tax upon the basis of total value of gifts of $186,912.50 whereas the total value corrected by respondent appears to be $185,968.75. In 1935 petitioner returned the gift tax upon the basis of total value of gifts of $315,212.50 whereas the total value corrected by respondent appears to be $314,525. It would follow that since petitioner reported tax in each year upon an erroneous base, his computation of tax must be in error.

*Decision will be entered under Rule 50.*