**WELCH et al. v. PAINE.**

No. 3649.

Circuit Court of Appeals, First Circuit.

June 3, 1941.

Morton K. Rothschild, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key, J. Louis Monarch, and Lyle M. Turner, Sp. Assts. to Atty. Gen., and Edmund J. Brandon, U. S. Atty., and C. Keefe Hurley, Asst. U. S Atty., both of Boston, Mass., on the brief), for appellants.

Richard Wait, of Boston, Mass. (John Dane, Jr., of Boston, Mass., on the brief), for appellee.

Before MAGRUDER, MAHONEY, and WOODBURY, Circuit Judges.

MAGRUDER, Circuit Judge.

In this suit for the recovery back of certain taxes upon gifts in 1934 and 1935, the District Court gave judgment for the plaintiff-taxpayer, and the defendants appeal. The gift in 1934, and one of the gifts in 1935, were by way of augmenting the funds of a trust created by the taxpayer in 1930. The other 1935 gift here in issue was an additional contribution to the funds of a second trust, created by the taxpayer in 1934. In both trusts the taxpayer named himself trustee. This appeal raises only the question whether the gifts were of "future interests in property" within the meaning of § 504(b) of the

Revenue Act of 1932, 47 Stat. 169, 247.[1] If they were, the taxpayer is disentitled to multiple exclusions of $5,000 (one for each beneficiary) in calculating the taxable "net gifts"; and no overpayment has been made.

The additional gifts to the 1930 trust were to be held by the trustee for the "sole benefit" of named minor children in stated proportions. Income as soon as received was to "become a part of the principal", and accumulated. It was provided, further, that: "Whenever a beneficiary hereunder shall attain the age of twenty-one years the Trustee shall pay over to him, free from all Trusts, his interest in the Trust Fund. * * * In the event that any beneficiary shall die under the age of twenty-one years, his interest shall pass according to the laws relating to the devolution of property upon death, but payment of said interest shall not be made by the Trustee until such time as said beneficiary would have attained the age of twenty-one years were he alive." The trustee was empowered to advance to the beneficiaries, or for their benefit, such sums out of their respective shares as he might in his absolute discretion deem necessary or advisable for their support, maintenance or education.

We think the gifts under the 1930 trust were of "future interests in property" as that phrase is used in § 504(b).

The committee reports give the following explanation of the reason why Congress in § 504(b) denied the $5,000 exclusion when the gift was of a future interest in property, H.Rep.No. 708, 72d Cong., 1st Sess., p. 29; S.Rep.No. 665, 72d Cong., 1st Sess., p. 41:

"The term 'future interests in property' refers to any interest or estate, whether vested or contingent, limited to commence in possession or enjoyment at a future date. The exemption being available only in so far as the donees are ascertainable, the denial of the exemption in the case of gifts of future interests is dictated by the apprehended difficulty, in many instances, of determining the number of eventual donees and the values of their respective gifts."

It seems clear that the denial of the $5,000 exclusion is broader than the cases in which there might be the "apprehended difficulty" of determining the number of eventual donees and the value of their respective gifts; for it cannot be doubted that a vested and indefeasible legal remainder after a life estate is a "future interest". Thus if A makes a conveyance of land by way of gift to B for life, remainder to C in fee, there would only be one $5,000 exclusion, on account of B's present interest, though there is no uncertainty as to the eventual donee, C, nor any difficulty in ascertaining the value of the remainder.

Article 11 of Treasury Regulations 79 (1933 ed.) provides:

"A future interest in property is any interest or estate in property, whether vested or contingent, which is limited to commence in use, possession, or enjoyment at some future date or time."

This definition is elaborated somewhat, but not changed in substance, in Article 11 of Treasury Regulations 79 (1936 ed.):

"'Future interests' is a legal term, and includes reversions, remainders, and other interests or estates, whether vested or contingent, and whether or not supported by a particular interest or estate, which are limited to commence in use, possession, or enjoyment at some future date or time."

In United States v. Pelzer, 61 S.Ct. 659, 661, 85 L.Ed. ——, decided by the Supreme Court March 3, 1941, after the rendition of the judgment now appealed from, the court, after quoting from the committee reports and the Regulations, concluded:

"We think that the regulations, so far as they are applicable to the present gifts, are within the competence of the Treasury in interpreting § 504(b) and effect its purpose as declared by the reports of the Congressional committees, and that the gifts to the eight beneficiaries of the 1932 trust were gifts of future interests which

---

[1] Section 502, 26 U.S.C.A. Int.Rev.Acts, page 580, imposes a tax upon "net gifts", a phrase which is defined as follows:

"§ 504. Net Gifts

"(a) General Definition. The term 'net gifts' means the total amount of gifts made during the calendar year, less the deductions provided in section 505.

"(b) Gifts Less than $5,000. In the case of gifts (other than of future interests in property) made to any person by the donor during the calendar year, the first $5,000 of such gifts to such person shall not, for the purposes of subsection (a), be included in the total amount of gifts made during such year." 26 U.S.C.A. Int.Rev.Acts, page 585.

are excluded from the benefits of that section. Here the beneficiaries had no right to the present enjoyment of the corpus or of the income and unless they survive the ten-year period they will never receive any part of either. The 'use, possession or enjoyment' of each donee is thus postponed to the happening of a future uncertain event. The gift thus involved the difficulties of determining the 'number of eventual donees and the value of their respective gifts' which it was the purpose of the statute to avoid."

See also Ryerson v. United States, 61 S.Ct. 656, 85 L.Ed. ----, also decided by the Supreme Court March 3, 1941.

Whether or not Congress understood "future interests" in the sense of all the technical niceties familiar to property lawyers, the minor children in the case at bar took "future interests" in a commonly understood meaning of the term. As pointed out in comment c, § 153, American Law Institute Restatement of Property—Future Interests, all interests, by definition, "have present existence because they consist of presently existing aggregates of rights, privileges, powers and immunities"; the contrast between future interests and present interests "rests upon the postponement, in the case of a 'future' interest of some of the separate rights, powers or privileges which would be forthwith existent if the interests were 'present' ". Here both possession of the corpus and enjoyment of the income are postponed; unless the beneficiary lives to be twenty-one he will get neither. Whether his interest may be said to be "vested" or not is unimportant, for as indicated both in the committee reports and in the Regulations an interest "wheth-

er vested or contingent" is a "future interest", if it is limited to commence in possession or enjoyment at some future date. Nor is it important, if true, that the interest of the minor beneficiary may in some way be available to his creditors,[2] for the availability of an interest for the satisfaction of claims of creditors is not inconsistent with its being a "future interest". See Restatement, supra, §§ 166–169. As applied to the interests of a beneficiary under a trust, a "future interest" is used by way of contrast to a "present interest", which is characterized by the Restatement, supra, § 153, as "the right to the immediate beneficial enjoyment of the proceeds of the trust". The minor beneficiaries in the present case clearly have not the right to the immediate beneficial enjoyment of the trust income.

In the Pelzer and Ryerson cases, supra, the gifts were of "future interests" under any possible definition of the term; and it must candidly be recognized that these cases on their facts, which need not now be recited, are distinguishable from the case at bar. Here, as to the proportionate share of each beneficiary, the gift to him is of the whole beneficial interest. There is no preceding beneficial interest in income or principal given to any other person. Nor is there any gift over in case the beneficiary should die before reaching 21, the corpus devolving in that event through the estate of the deceased beneficiary. See footnote 2, supra. There is merely a postponement during minority of the right to receive income and possession of the corpus, save as the trustee in his discretion should deem it advisable to apply income or principal to the needs of the beneficiary. It is all a matter of definition, and such

---

[2] It seems that a creditor of one of the minor beneficiaries could not enforce a present application of income to the payment of the debt, for such beneficiary has no present right to the income. Further, it seems, the creditor would not be entitled to demand a present application of the corpus, for that would defeat the donor's purpose in vesting in the trustee the discretionary power to apply income or principal for the support and maintenance of the beneficiary during his minority as the need might appear. However, upon the death of the debtor-beneficiary before reaching 21, it is probable that the creditor would have to be satisfied out of the corpus before it devolved through the estate to those entitled under the intestacy laws. The trust instrument itself seems to regard each minor beneficiary as the sole beneficial owner of his proportionate share (with postponement of the right to receive the income and to receive possession of the corpus), and expressly provides that upon the death of any beneficiary before reaching 21 "his interest shall pass according to the laws relating to the devolution of property upon death". By universal provision of the laws relating to the devolution of property upon death, creditors of the decedent must be paid before his property passes to the next of kin. As to the rights of creditors, cf. Claflin v. Claflin, 149 Mass. 19, 23, 24, 20 N.E. 454, 3 L.R.A. 370, 14 Am.St. Rep. 393; Perabo v. Gallagher, 241 Mass. 207, 135 N.E. 113; Forbes v. Snow, 245 Mass. 85, 140 N.E. 418.

an interest might reasonably be defined as a present rather than a future interest.

But it does not follow that a different definition in the Regulations is to be rejected as contrary to the language of the statute. The phrase "future interests in property" is not defined in the statute itself. However, the committee reports indicate that Congress included within the meaning of the phrase any interest, whether vested or contingent, which is limited to commence in enjoyment at some future date—which fits the present case. That such usage of the term is not unknown, as applied to gifts in trust, is apparent from § 153 of the Restatement of Property—Future Interests, referred to above. Under these circumstances, we feel obliged to follow faithfully the language of the definition in the Regulations, and to hold that the gifts in question are of "future interests in property" within the meaning of § 504(b).

In passing, it may be noted that in § 505 of the Revenue Act of 1938, 52 Stat. 565, 26 U.S.C.A. Int.Rev.Acts, page 1139, Congress specifically withdrew the benefit of the $5,000 exclusion from all gifts in trust.

The gifts in 1935 augmenting the funds in the second trust, created in 1934, were even more clearly gifts of future interests. Under that trust the taxpayer declared himself trustee of certain property to hold, manage, and pay over the net income therefrom to his wife and four named minor children, "said income to be paid over and accounted for to them in such proportions and at such times, as I, in my sole discretion, may determine, or it may be held and accumulated for their benefit by me in whole or in part until the termination of this trust". It was further provided that the trust "shall continue during my lifetime unless previously terminated by the written assent of all parties interested, and if in existence at the time of my death, then said trust shall forthwith terminate and the trust property vest in and be paid over to my above named wife and children as tenants in common, to their own use and behoof, forever, in equal shares". The taxpayer also reserved a broad power of amendment subject to the written assent of his wife and "such of my children as shall then be of age". Here none of the beneficiaries has a right to the immediate beneficial enjoyment of the income of the trust. The

payment of such income is not merely postponed, for accumulation and eventual payment, along with principal, to the beneficiaries in equal shares; rather, the taxpayer reserves the power in his sole discretion to allocate and pay over the income to the beneficiaries in such proportions as he may determine, or to accumulate it.

The judgment of the District Court is reversed and the case is remanded to that court for further proceedings not inconsistent with this opinion.