### HELVERING, Com'r of Internal Revenue, v. BLAIR.

### No. 334.

Circuit Court of Appeals, Second Circuit.

July 31, 1941.

William L. Cary, Sp. Asst. to Atty. Gen., and Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, and John J. Pringle, Jr., Sp. Assts. to the Atty. Gen., for petitioner.

Charles S. Haight, Jr., and Bernard D. Atwood, both of New York City, for respondent.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

L. HAND, Circuit Judge.

This is a petition to review an order of the Board of Tax Appeals which expunged a deficiency assessed against the taxpayer for gift taxes in the year 1937 under § 501 of the Revenue Act of 1932, 26 U.S.C.A. Int.Rev.Acts, page 580. The sole question is whether he was entitled to an "exclusion" of $40,000 under § 504(b), 26 U.S.C.A. Int.Rev.Acts, page 585, in computing certain additions which he made in that year to the corpus of two trusts. The Commissioner allowed him an "exclusion" of $5,000 for each trust, acting upon the mistaken theory that a trust was a separate taxable entity, and that the number of beneficiaries was immaterial. The taxpayer appealed upon the ground that in the first of the two trusts there were eight beneficiaries and in the second seven (all of them being also beneficiaries in the first trust) and that the value of the gift to each beneficiary was more than $5,000. The Board accepted this argument and granted a total "exclusion" of $40,000, anticipating the decision of the Supreme Court in Helvering v. Hutchings, 312 U.S. ——, 61 S.Ct. 653, 85 L.Ed. ——, that the beneficiaries, not the trustees, were the donees. Upon his appeal to this court the Commissioner has been obliged to abandon his original position, and in its place now asserts that, even though each beneficiary is a donee, all the gifts were of "future" interests, and that in any event none of them had a value of $5,000. This changed position, even though it is taken for the first time in this court, and is to reverse the Board's order, is permissible under Hormel v. Helvering, 312 U.S. ——, 61 S.Ct. 719, 85 L.Ed. ——.

The agreed facts are as follows: In 1937 the taxpayer contributed more than $250,000 to each of two trusts, and these contributions concededly constituted gifts subject to tax under § 501 of the Revenue Act of 1932. The limitations of the first trust were as follows: the grantor conveyed the property to his two sons, Mont-

gomery and William D., in trust for the life of the longer liver of his wife, Edith, and his youngest son, Charles. During his wife's life he directed the trustees to apply the income of the trust "to the use of any one or more of the following who may be living" (his wife and his seven children —the trustees being among them) and to "the lawful issue of any of my said children, in such proportions as shall * * * seem proper to the Trustees in their absolute discretion." Upon his wife's death he directed the trustees to apply the income "to the use of the then living lawful issue" of himself and his wife, but without any discretionary power, the issue being entitled "to receive each monthly payment in equal shares per stirpes." The deed concluded with a gift of legal remainders upon the termination of the trust "to then living lawful issue" of himself and his wife, "per stirpes and not per capita."

The second trust was to the same trustees and likewise for the life of the longer liver of the grantor's wife and son, Charles; it gave the trustees—while Montgomery and William D. continued to be of their number—the power to apply the income "to the use of any one or more of the following who may be living at the time" (the grantor's seven children, but not his wife) "and the lawful issue of any of my said children, in such proportions as shall * * * seem proper to the Trustees in their absolute discretion." After both Montgomery and William D. had "ceased to act as Trustees," the income was to go to the "living lawful issue" of the grantor per stirpes for the duration of the trust. Again there were legal remainders over as in the case of the first trust.

The taxpayer's theory is that these gifts created equitable life interests in the wife and children, which were not "future" within § 504(b), and that the value of each can be computed from the life expectancy of the beneficiary. We do not understand that he asserts that the gifts of the legal remainders should be "excluded" whether these were vested or contingent; in any event that question is finally foreclosed by United States v. Pelzer, 312 U.S. ——, 61 S.Ct. 659, 85 L.Ed. ——, and Ryerson v. United States, 312 U.S. ——, 61 S.Ct. 656, 85 L.Ed. ——. Those decisions did however leave open the question whether the gift of an immediate life interest was to be regarded as a present interest. That question we do not find it necessary to answer in this case; arguendo, we shall assume that

life interests presently created are present gifts and that their value may be calculated by the mortality tables in the ordinary way. In the case at bar we know nothing as to how the trustees divided the income in the first year; let us, however, assume that they divided equally among all the beneficiaries, since that is the theory most favorable to the taxpayer. (That is indeed a most improbable assumption in the case of the first trust, where the wife was likely to be awarded the whole; but it is not unreasonable in the case of the second.) Such a division in the case of the second trust would give every child one seventh of the income of $250,000; and even at three per cent this would be more than $1,000 per annum, the actuarial value of which in the case of the oldest would be far more than $5,000.

The difficulty with this reasoning is that it ignores the continued power of the trustees to change the original division, during the wife's life in the case of the first trust; and during the trusteeship of Montgomery and William D. in the case of the second. It was the prime purpose of the trusts that the trustees should have this power, and presumably that they should exercise it. How then is it possible to compute the value of any beneficiary's share at the time of the original division? The allocation might be changed the next day, and the interest which succeeded the interest first awarded would be a "future interest" within § 504(b). In order to calculate the value of an interest subject to such a condition, we should have to have some actuarial basis for the probability that trustees who had once made such a division would not disturb it. Obviously nothing of the kind is available or would in all likelihood be a sound basis for inference if it was compiled. Humes v. United States, 276 U.S. 487, 48 S.Ct. 347, 72 L.Ed. 667; Ithaca Trust Co. v. United States, 279 U.S. 151, 154, 49 S.Ct. 291, 73 L.Ed. 647; Davison v. Commissioner of Internal Revenue, 2 Cir., 81 F.2d 16; Knoernschild v. Commissioner of Internal Revenue, 7 Cir., 97 F.2d 213. Nor may the taxpayer avail himself of the absolute interests of the beneficiaries after the discretion of the trustees expired. In the case of the first trust these could indeed be readily calculated by an actuary; each of the children had in effect a life interest in one seventh of the income pur autre vie, i.e., during the life of Charles and after the death of the wife. But that too was a "future interest," whether

or not it was technically a "remainder." What the beneficiary originally enjoyed was no more than a contingent interest dependent upon the trustees' discretion; what he got after the wife's death was an absolute life interest. The two were certainly not the same, and the remainder, though vested, was suspended in enjoyment. As to the second trust the case is even plainer because it would in any event be impossible actuarily to forecast when Montgomery and William D. would "cease" to be trustees.

The result is not unfair; Congress very deliberately intended to avoid such speculations as would necessarily be involved in any attempt to appraise interests of this kind. That was avowedly its purpose as to "future interests" and the first interests here at bar exemplify the difficulty quite as much as they.

Order reversed.