KINNEY v. ANGLIM, Collector of United States Internal Revenue.

No. 21791–S.

District Court, N. D. California, S. D.

Sept. 18, 1941.

Edward Hale Julien, of San Francisco, Cal., for plaintiff.

Frank J. Hennessy, U. S. Atty., and Esther B. Phillips, Asst. U. S. Atty., both of San Francisco, Cal., for defendant.

ST. SURE, District Judge.

Plaintiff made a trust agreement on March 27, 1934, setting up three separate trusts for three of his granddaughters. On August 23, 1935, by amendment, he made these trusts irrevocable. During 1936 he made additional contributions to the trust corpus. In each of his gift tax returns for 1935 and for 1936 he took a total exemption of $15,000, being $5,000 for each beneficiary. Defendant contends that as the three trusts were created by one trust agreement, only one $5,000 exemption is allowable for each year under Section 504(b) of the Revenue Act of 1932, 47 Stat. 169, 247, 26 U.S.C.A. Int. Rev.Acts, page 585, which reads as follows: "Gifts Less than $5,000......In the case of gifts (other than of future interests in property) made to any person by the donor during the calendar year, the first $5,000 of such gifts to such person shall not, for the purposes of subsection (a), be included in the total amount of gifts made during such year."

Suit is brought for recovery of $437 claimed to be overpaid in gift taxes for the years 1935 and 1936, plus six per cent interest and costs of suit. A claim for refund for each of said years was filed by plaintiff and rejected by the Commissioner of Internal Revenue.

Prior to March 3, 1941, there was a conflict of authorities on this question, but on that date the United States Supreme Court decided that an exemption of $5,000 for each beneficiary is proper if the gift is not of a future interest, as explained in Article 11 of Treasury Regulation 79, 1933 and 1936 Editions; Helvering v. Mary M. Hutchings, 312 U.S. 393, 398, 61 S.Ct. 653, 85 L.Ed. 909; United States v. Arthur Pelzer, 312 U.S. 399, 401–403, 61 S.Ct. 659, 85 L.Ed. 913; and Ryerson et al., Ex'rs, v. United States, 312 U.S. 405, 408, 61 S.Ct. 656, 85 L.Ed. 917.

Therefore the first question before this Court is whether the beneficiaries take a present or a future interest. Here the income of the trust was to be paid to the mother of each beneficiary from the inception of the trust until the child reached the age of 21 years, and upon reaching the age of 30 years each beneficiary was to receive one-third of the trust outright. I am of the opinion that this is a present interest.

The only remaining question is whether in each of the years mentioned the present interest of the beneficiary exceeded $5,000 so as to permit the exemption to the donor.

The testimony shows that during 1935 the net income of the trust exceeded $1,800, and during 1936 it exceeded $2,000. Under Treasury Regulation 79, Article 11 and Article 19(7), the value of the interest of each beneficiary for 1935 and for 1936 exceeded the $5,000 exemption. I think that a total exemption of $15,000 for each year is therefore proper.

Ordered, that plaintiff take judgment against defendant as prayed for in his complaint.

Attorney for plaintiff may submit findings of fact and conclusions of law accordingly.