## COMMISSIONER OF INTERNAL REVENUE v. BRANDEGEE.
### No. 3678.

Circuit Court of Appeals, First Circuit.

Oct. 30, 1941.

## NATIONAL LABOR RELATIONS BOARD v. STANDARD KNITTING MILLS, Inc.
### No. 8791.

Circuit Court of Appeals, Sixth Circuit.

Oct. 14, 1941.

Michael H. Cardozo, IV, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Helen R. Carloss, Sp. Asst. to Atty. Gen., on the brief), for petitioner for review.

Dana Kelly, of Boston, Mass. (John M. McInerney, of Boston, Mass., on the brief), for Mary B. Brandegee.

Before MAGRUDER, MAHONEY, and WOODBURY, Circuit Judges.

MAGRUDER, Circuit Judge.

In 1937 Mary B. Brandegee, the taxpayer herein, made a gift to trustees of property valued at $35,000 in augmentation of a trust fund which she had established in 1934. The question before us is whether, in computing the 1937 gift tax, the taxpayer is entitled to take an exclusion in respect of each of four beneficiaries, which is allowable unless the gifts were of "future interests in property" within the meaning of § 504(b) of the Revenue Act of 1932, 47 Stat. 169, 247, 26 U.S.C.A. Int.Rev.Acts, page 585, reading as follows:

"(b) Gifts Less than $5,000. In the case of gifts (other than of future interests in property) made to any person by the donor during the calendar year, the first $5,000 of such gifts to such person shall not, for the purposes of subsection (a), be

included in the total amount of gifts made during such year."

By the declaration of trust, dated April 18, 1934, the trustees were empowered to "acquire property, real or personal, from said Mary B. Brandegee, or anyone else, by gift or by purchase. In either case, they may acquire property subject to any mortgage or other encumbrances they see fit, which they may assume if they see fit." Further, they were empowered "to sell, exchange, mortgage or pledge any of the trust property," and were given discretionary power to "pay, either from principal or income or both, any mortgages or other charges or obligations given by them or on property acquired by them, making payments on account or in full if and whenever they see fit." Paragraph 4 of the trust instrument provided:

"4. During the continuance of the trust, the trustees may pay the net income from the trust property in equal shares to the children of said Mary B. Brandegee, the survivors and survivor of them, the issue who may from time to time be living of any of said children who have died to receive by right of representation the share of the net income their parent or ancestor would have received if living. And after all mortgages and other charges or obligations against property acquired by the trustees by gift or purchase, including mortgages and other charges or obligations given in substitution therefor, are paid in full (as to which facts the decisions of the trustees shall be conclusive) the trustees shall, during the continuance of the trust, pay the net income from the trust property as aforesaid. Payments of income shall be made quarterly and there shall be no apportionment of income on the death of any person entitled thereto."

The trust was to continue "until the death of the survivor of the four children now living of Mary B. Brandegee"; and upon its termination the trust property was to be distributed among the then living issue of the children per stirpes or in default of such issue to Harvard College. These four children were all living in 1937 when the gift in question was made.

On her gift tax return for 1937, the taxpayer claimed a separate exclusion in respect of each of the four beneficiaries. The Commissioner, feeling himself constrained by Commissioner v. Wells, 7 Cir., 1937, 88 F.2d 339, and Commissioner v. Krebs, 3 Cir., 1937, 90 F.2d 880, ruled that the trust estate, rather than the beneficiaries severally, must be considered to be the donee; and hence allowed only one exclusion of $5,000 and gave notice of a deficiency accordingly.

The Board of Tax Appeals, on the taxpayer's petition for redetermination of the deficiency, held that she was entitled to four exclusions, based on the number of beneficiaries, and hence decided that there was no deficiency. Necessarily this decision must have assumed sub silentio that the gifts to the beneficiaries were not of future interests in property. In the proceedings before the Board, the Commissioner relied solely upon the contention that the trust was the donee—which contention, if well taken, would have required the allowance of one exclusion of $5,000 because the interest of the trustees, on behalf of the trust, was certainly a present rather than a future interest. The Commissioner did not make the alternative contention that if the beneficiaries were deemed to be the donees of the gift, then no exclusion at all was permissible because the beneficiaries took future interests in property.

In his original assignments of error filed on April 19, 1940, with his petition for review of the Board's decision, the Commissioner adhered to the position that the trust was the donee within the meaning of § 504(b). Thereafter, the Supreme Court in Helvering v. Hutchings, 1941, 312 U.S. 393, 61 S.Ct. 653, 85 L.Ed. 909, held that where a donor conveys property in trust for the benefit of numerous beneficiaries he is entitled to separate exclusions of $5,000 for each beneficiary, provided the beneficiaries are given present interests. There followed also numerous cases defining the meaning of the phrase "future interests in property." United States v. Pelzer, 1941, 312 U.S. 399, 61 S.Ct. 659, 85 L.Ed. 913; Ryerson v. United States, 1941, 312 U.S. 405, 61 S.Ct. 656, 85 L.Ed. 917; Welch v. Paine, 1 Cir., 1941, 120 F.2d 141; Commissioner v. Barbour, 3 Cir., 1941, 121 F.2d 728; Helvering v. Blair, 2 Cir. 1941, 121 F.2d 945; Commissioner v. Taylor, 3 Cir., Aug. 22, 1941, 122 F.2d 714; Hopkins v. Magruder, 4 Cir., Sept. 10, 1941, 122 F.2d 693.

These decisions suggested to the Commissioner that though the Hutchings case had rendered untenable his original contention in the case at bar, nevertheless he had in

fact underestimated the taxpayer's deficiency because the beneficiaries took future interests in property and hence not even one exclusion should have been allowed.

Accordingly, the Commissioner moved in this court for leave to amend the assignments of error set forth in his petition for review by adding two new assignments as follows:

"6. The Board of Tax Appeals erred in failing to hold that the gifts made in 1937 were future interests in property.

"7. The Board of Tax Appeals erred in failing to hold that the taxpayer was entitled to no exclusions with respect to the gifts made in 1937."

We allowed the amendment. Though the Commissioner thus sought to obtain a reversal of the Board's decision upon a point not presented below, there is now no doubt of our power to consider the new point, where intervening decisions in other cases have put such a different face upon the litigation; and we thought we ought to allow the amendment in view of Hormel v. Helvering, 1941, 312 U.S. 552, 61 S.Ct. 719, 85 L.Ed. 1037; Helvering v. Richter, 1941, 312 U.S. 561, 61 S.Ct. 723, 85 L.Ed. 1043; Helvering v. Blair, 2 Cir., 1941, 121 F.2d 945; Commissioner v. Barbour, 3 Cir., 1941, 121 F.2d 728, and Hopkins v. Magruder, 4 Cir., Sept. 10, 1941, 122 F.2d 693.

Coming then to the merits, which were fully argued before us, we refer to our recent decision in Welch v. Paine, 120 F.2d 141, for a general discussion of what Congress meant by "future interests in property."

On the face of the trust instrument, the interest which the beneficiaries receive at the outset is quite different in nature from the interest to which they succeed upon the happening of a future event, that is, upon the payment in full of all mortgages or charges against property acquired by the trustees.

■ While any such mortgages or encumbrances remain undischarged, the trustees have power to withhold all income from the beneficiaries. This is not the ordinary power, implied even without express provision in the trust deed, to "withhold a reasonable amount of the income to meet present or anticipated expenses which are properly chargeable to income." Am. L.Inst. Restatement of Trusts, § 182, comment b; Shirk v. Walker, 1937, 298 Mass.

251, 10 N.E.2d 192, 125 A.L.R. 620. Under the power conferred upon the trustees in the case at bar, they could apply all the income, or indeed all or any part of the principal, of the 1937 gift toward the extinguishment of existing charges against the property; thus they are in effect authorized to accumulate the income until the net value of the trust property is augmented by an amount equal to that of such outstanding encumbrances. It is true that the trustees have a discretion to pay the net income to the beneficiaries in equal shares; and the right of the beneficiaries to receive such income at any time the trustees should choose to give it to them is no doubt a kind of interest of which a court of equity may take cognizance. See Fulham v. Commissioner, 1 Cir., 1940, 110 F.2d 916, 918. But if it may be called a present interest there is still the difficulty that such an interest is inherently incapable of valuation. Helvering v. Blair, 2 Cir., 1941, 121 F.2d 945, 947. Where the absolute right of the beneficiaries to enjoyment of the income is postponed until the happening of a future event, a $5,000 exclusion in respect of each donee is not allowable to the donor under § 504(b) merely because he has invested the trustee with an immediate discretionary power to make advancements. Welch v. Paine, supra; Commissioner v. Taylor, supra; Helvering v. Blair, supra. And this is so whether or not the trustee happens to pay over income to the beneficiaries during the year in which the gift is made. The nature of the interest of the donees is determined as of the date of the gift, not by what the trustee may subsequently choose to do in the exercise of his discretionary power. See Helvering v. Blair, supra, 121 F.2d at page 947.

■ If and when the mortgages and encumbrances are discharged in full the interest of the beneficiaries, theretofore contingent upon the trustees' discretion, is succeeded by a more substantial interest, for the trustees in such event come under a mandatory duty to pay the net income in equal shares to the survivor or survivors of the children and to the issue of any deceased child per stirpes. But viewed from the date of the 1937 gift, such succeeding interest is clearly a "future interest" under the decided cases. The unqualified right to income is limited to commence in use and enjoyment at a future date or time. See definition of "future interests" in Article 11 of Treasury Regulations 79 (1936

ed.).[1] Indeed, one or more of the children might die without ever coming into such use and enjoyment. It can make no difference whether the future date, on which the interest commences in enjoyment, is fixed by the attainment of a certain age by the beneficiaries, as in Welch v. Paine, supra, Commissioner v. Taylor, supra, and Commissioner v. Barbour, supra, or by the death of a named person, as in Hopkins v. Magruder, supra, and in one of the trusts in Helvering v. Blair, supra, or by a change in the personnel of the trustees, as in another of the trusts in Helvering v. Blair, supra, or by payment in full of certain mortgages and encumbrances as in the case at bar.

 The record before us does not disclose the full story. It does not appear whether the trustees ever acquired any property subject to mortgage or other encumbrance or, if they did, whether the same had been discharged prior to the gift in 1937. The burden of proof was upon the taxpayer to show that the Commissioner's determination was incorrect. Helvering v. Taylor, 1935, 293 U.S. 507, 515, 55 S.Ct. 287, 79 L.Ed. 623. It cannot be inferred from the face of the trust instrument alone that no deficiency is due. To show that the beneficiaries took present rather than future interests under the terms of the trust, the taxpayer would have to establish that when the gift was made in 1937 there were no mortgages or other encumbrances outstanding, the existence of which would postpone the unqualified right of the beneficiaries to enjoyment of the net income. The taxpayer should be given an opportunity, upon remand, to establish, if she can, the existence of such a state of facts, since the issue as to the nature of the interests was not litigated at the hearing before the Board. Hormel v. Helvering, 1941, 312 U.S. 552, 560, 61 S.Ct. 719, 85 L.Ed. 1037; Helvering v. Richter, 1941, 312 U.S. 561, 562, 61 S.Ct. 723, 85 L.Ed. 1043. There should be a rehearing before the Board on the issue whether the beneficiaries took future interests in property, and the Board will redetermine the deficiency in accordance with its findings on that issue. At this rehearing the Commissioner will have an opportunity to assert a deficiency in addition to the amount stated in his deficiency notice, based on the ground that not even one exclusion should have been allowed if the interests of the beneficiaries were future interests within the meaning of § 504(b). See 26 U.S.C.A. Int.Rev.Code §§ 1012(e) and 1141(c) (1).

 In the foregoing discussion we have assumed that the gift of an immediate life interest in income is to be regarded as a present interest, and we so hold. That question, we note, was left open in Ryerson v. United States, 1941, 312 U.S. 405, 409, 61 S.Ct. 656, 85 L.Ed. 917, and Helvering v. Blair, 2 Cir., 1941, 121 F.2d 945, 947. The Government has not made the extreme contention that the gifts in question would still be deemed "future interests in property" even though at the date of the gifts in 1937 the donees acquired the unqualified right to the present enjoyment of the net income. In ordinary usage a life tenant under a trust, having the right to the immediate beneficial enjoyment of the income, is considered as having a present interest, even though possession of the corpus is withheld from him or postponed. Am.L.Inst.Restatement of Property—Future Interests, § 153. We do not believe that the Commissioner intended to imply the contrary in the general language of his definition of future interests referred to above.[2] Indeed, under Article 11 of Treasury Regulations 79 (1933 ed.), the Commissioner gives an illustration of a gift to a trustee to pay the income to the donor's wife during her lifetime and at her death to deliver the property to his two daughters. It is stated that in calculating the amount of the net gifts subject to tax there should be subtracted $5,000 from the value of the life estate given to the wife, the necessary implication being that the wife takes a present interest; but the interest of the daughters being future interests no exclusions are to be allowed on account thereof.

The decision of the Board of Tax Appeals is reversed and the case is remanded to the Board for further proceedings in conformity with this opinion.

---

1 " 'Future interests' is a legal term, and includes reversions, remainders, and other interests or estates, whether vested or contingent, and whether or not supported by a particular interest or estate, which are limited to commence in use, possession, or enjoyment at some future date or time."

2 See footnote 1, supra.