PAINE et al. v. WELCH, Former Collector of Internal Revenue.

No. 406.

District Court, D. Massachusetts.

Dec. 12, 1941.

James W. Mudge and Ropes, Gray, Best, Coolidge & Rugg, all of Boston, Mass., for plaintiff.

Lyle M. Turner, Sp. Asst. to the Atty. Gen. (Edmund J. Brandon, U. S. Atty., and George F. Garrity, Asst. U.S. Atty., both of Boston, Mass., Samuel O. Clark, Jr., Asst. Atty. Gen., and Andrew D. Sharpe, Sp. Asst. to the Atty. Gen., on the brief), for defendant.

SWEENEY, District Judge.

This action, which was originally brought by the plaintiffs' testatrix, is for the recovery of gift taxes alleged to have been illegally assessed and collected.

## Findings of Fact.

A stipulation of facts has been filed by the parties and I adopt them as my findings of fact. From them it appears that in 1934 the taxpayer, Mrs. Ruth F. W. Paine, created five irrevocable trusts for the sole benefit of her grandchildren who were "now living or hereafter born". All five trusts were in identical form, each one consisting in an absolute transfer of property valued at $80,918.84 to each of the taxpayer's five children, to be held by them in trust for the support and education of the children of the respective trustees. By the terms of the trust instruments the trustees could, in their discretion, pay, distribute, or withhold, in full or in part, the share of any beneficiary in either principal or income. All beneficiaries were to share equally in the res, and on the death of any particular beneficiary his or her share was to be paid at once to his or her estate. The exact share of any beneficiary was to be determined at any given time by the number of beneficiaries existing at such time, each sharing equally. The trustees were given power to amend the trust instruments, including the power to extend or limit the right of any beneficiary to receive payment or distribution at any particular time. However, they could not vary the instrument as to the purpose for which payments could be made, namely, for the support and education of the beneficiaries. Further, they could not alter the trusts so as to change the general principal of equality among the beneficiaries, nor could they change the beneficiaries of the trust, nor could they amend the trust instrument so as to defeat the requirement of paying a beneficiary's share of the principal to his or her estate immediately on his or her death. At the time the trusts were created, the taxpayer had eighteen grandchildren who were the designated beneficiaries.

In her gift tax return for the calendar year 1934 the taxpayer took eighteen exclusions of $5,000, one for each existing beneficiary of the trusts. The Commissioner refused to allow any of these exclusions for the reason that he considered the gifts were of "future interests" within the meaning of Section 504(b) of the Revenue Act of 1932, 26 U.S.C.A. Int.Rev.Acts, page 585. The taxpayer paid the deficiency assessed, and duly filed her claim for refund. The Commissioner, at first, rejected the taxpayer's claim in its entirety, but on reconsideration allowed her claim to the extent of five $5,000 exclusions on the theory that the trusts, and not the beneficiaries, were the donees of the gifts. To this extent the taxpayer was repaid the alleged overassessment.

## Discussion.

The only question present now is whether the gifts to the beneficiaries of these trusts are gifts of future or present interests within the meaning of Section 504(b) of the Revenue Act of 1932, for it is now definitely established that the beneficiaries of a trust are the donees thereof, and not the trust itself. Davidson v. Welch, D.C., 22 F.Supp. 726, affirmed 1 Cir., 102 F.2d 100; Helvering v. Hutchings, 312 U.S. 393, 61 S.Ct. 653, 85 L.Ed. 909.

If the beneficiaries of the trusts here involved received present interests within the meaning of Section 504(b) of the Revenue Act of 1932, the taxpayer was entitled to eighteen exclusions of $5,000 each. On the other hand, if they received "future interests" within the contemplation of that Act, the taxpayer would not be entitled to any further exclusions.

The applicable section of the 1932 Act reads:

"§ 504. Net Gifts * * *

"(b) Gifts Less than $5,000. In the case of gifts (other than of future interests in property) made to any person by the donor during the calendar year, the first $5,000 of such gifts to such person shall not, for the purposes of subsection (a), be included in the total amount of gifts made during such year."

█ In the absence of statutory definition as to what is intended by the phrase "other than of future interests in property", one should look to the Congressional committee reports and Treasury Regulations which interpret its purpose and meaning. United States v. Pelzer, 312 U.S. 399, 61 S.Ct. 659, 85 L.Ed. 913. The committee reports recommending the Act, H.Rept. No. 708, 72d Cong., 1st Sess., p. 29; S.Rept. No. 665, 72d Cong., 1st Sess., p. 41, reads:

"The term 'future interests in property' refers to any interest or estate, whether vested or contingent, limited to commence in possession or enjoyment at a future date. The exemption being available only in so far as the donees are ascertainable, the denial of the exemption in the case of gifts of future interests is dictated by the apprehended difficulty, in many instances, of determining the number of eventual donees and the values of their respective gifts."

Article 11 of Treasury Regulations 79, 1933 Ed., states: "A future interest in property is any interest or estate in property, whether vested or contingent, which is limited to commence in use, possession, or enjoyment at some future date or time."

█ It is clear that the meaning of "future interests" as used in Section 504(b) of the Revenue Act of 1932 is not intended in the technical legal sense, but rather in the practical sense, that is, whether the gift in fact is limited to commence in possession or enjoyment at some future time. In the trust instruments involved there is nothing limiting the possession or enjoyment of the beneficiaries until some time in the future, unless the discretionary power of the trustee to make or withhold payments can of itself be considered such a limitation. I do not think it is a limitation on the gift. Such a discretion cannot be exercised entirely arbitrarily, but is subject to the control of a court of equity. Garvey v. Garvey, 150 Mass. 185, 22 N.E. 889. This very point was considered in the case of Rheinstrom v. Commissioner, 8 Cir., 105 F.2d 642, at page 647, 124 A.L.R. 861, where the court said: "The enjoyment of the benefits conferred upon three of her children by the taxpayer was conditional" (upon the trustee's discretion) "but it was to commence at once and not at some future date and was for their sole and immediate benefit." Compare Deeds v. Commissioner, 37 B.T.A. 293.

The trusts under consideration constitute immediate and absolute gifts for the sole and exclusive benefit of existing and future beneficiaries. The fact that the interests of existing beneficiaries may be diminished in value by the happening of an uncertain future contingency, that is, the birth of additional beneficiaries, does not preclude a computation of the exact value of the interests of the beneficiaries existing at the time the trusts were created. Express provision is made in the trust instruments for ascertaining the value of the shares of existing beneficiaries at any given time. The number of beneficiaries alive when the gifts were made cannot be reduced, nor can their right to share equally in the res be defeated. Then, too, there is no claim advanced for exclusions because of possible future beneficiaries.

The respondent contends that this case must be decided on the basis of Welch v. Paine, 1 Cir., 120 F.2d 141. The trusts involved in that case are clearly distinguishable from those under consideration. In the Paine case, supra, the trusts provided that until the happening of a definite contingency, namely, the beneficiaries reaching a certain age in the one trust and the termination of the trust in the other, the only interest which a beneficiary might receive was dependent on the trustee's absolute discretion.

As a matter of fact, much that the court said in the Paine case, supra, supports the plaintiffs' contention in this one. In referring to the question whether the gift in that case was a present or future interest the court said [120 F.2d 143]: "It is all a matter of definition, and such an interest might reasonably be defined as a present rather than a future interest." And went on to say that the court should "follow faithfully the language of the definition in the Regulations" as to what constitutes a future interest. So, applying that definition to the gifts in question, I think it is inescapable that the gifts are not limited to commence in use, possession, or enjoyment at all. In the Paine case, supra, as well as in other cases cited by the respondent, the trusts involved contain a specific contingency or primary trust purpose which qualified or limited the right of the beneficiaries to receive the principal of the trust at the time of its creation, or which made it impossible to ascertain the value of the interests which the beneficiaries receive at such time. Compare Commissioner v. Brandegee, 1 Cir., 123 F.2d 58, decided October 30, 1941.

### Conclusions of Law.

█ I conclude and rule that none of the provisions of the trusts in question limited the beneficiaries' interests to commence in use, possession, or enjoyment at some future date. Accordingly, the gifts were not gifts of future interests in property, and hence the taxpayer was entitled to eighteen exclusions of $5,000 each under Section 504(b) of the Revenue Act of 1932.