**CHARLES v. HASSETT, Acting Collector of Internal Revenue.**

No. 389.

District Court, D. Massachusetts.

Feb. 13, 1942.

James Garfield and Choate, Hall & Stewart, all of Boston, Mass. (John Dane, Jr., of Boston, Mass., on the brief), for plaintiff.

Arthur L. Jacobs, Sp. Asst. to the Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., Andrew D. Sharpe, Sp. Asst. to the Atty. Gen., and Edmund J. Brandon, U. S. Atty., and George F. Garrity, Asst. U. S. Atty., both of Boston, Mass., on the brief), for defendant.

WYZANSKI, District Judge.

Section 504 (b) of the Revenue Act of 1932, 26 U.S.C.A. Int.Rev.Acts, page 585, allowed the exclusion from gift tax computations of the first $5,000 "of gifts (other than of future interests in property) made to any person by the donor during the calendar year."

Here the donor, in essence, gave $5,000 to a trustee to pay the income to A while living and to pay the principal to him one-third at 25, one-third at 30 and one-third at 35, but if A died before full distribution to him, then the gift went over to other persons. The question is what part of the $5,000, if any, is a present interest which may be excluded from the gift tax computations and what part, if any, is a "future interest" which may not be excluded. This same question was latent in Helvering v. Hutchings, 312 U.S. 393, 394, 398, 61 S.Ct. 653, 85 L.Ed. 909, but remained unanswered because not presented by the petition for certiorari.

To this problem there are at least four possible solutions.

The first would be to refer to local state law to determine whether an interest was future or present. However, the Supreme Court has rejected that view and ruled that the determination must be upon a national standard. United States v. Pelzer, 312 U.S. 399, 402, 61 S.Ct. 659, 85 L.Ed. 913.

A second solution would be based on general common law principles of the law of future interests as expounded in the cases and standard texts. Under these technical principles, a gift of income to A effective at once and until he reaches

a given age is a present interest because possession and enjoyment are immediate, but the gift of corpus to A when he reaches the designated age is a future interest because possession and enjoyment are postponed. Welch v. Paine, 1 Cir., 120 F.2d 141, 143.

The third and fourth solutions are both based on what might be called layman's approaches. Both of these start by pointing out that there is no practical difference between payments of income to a donee if living and payments of corpus to a donee if living: each type of payment is to be made in the future; each depends upon the survivorship of the donee; and each can be appraised by an actuary familiar with interest and discount tables and with mortality tables. Under the third solution, it is said that since these interests are for practical purposes alike, since these interests have a present value, since the donor has retained nothing, and since the interests are vested in the same person, they should be treated together as a "present interest" under the gift tax law. The fourth solution, starting from the same premises, but putting more emphasis on the uncertainty, and especially the remoteness in time, which underlie the payments of both income and of corpus, regards both interests as "future interests" and hence not excludable from the gift tax.

A priori, there is much to be said for the fourth view. See Woodrough C. J. dissenting in Rheinstrom v. Commissioner, 8 Cir., 105 F.2d 642, 648, 124 A.L.R. 861. Congress, though it did not speak clearly, may have meant to exclude from the gift tax only those gifts which the donee received and was free to dispose of during the taxable year. This would allow for the customary anniversary, holiday and like gifts without making it possible for the donor to escape taxation on the equivalent of a testamentary trust. Moreover, it is startling to a layman to be told that for tax purposes he has a "present interest" when all the gift is to be paid in the future and is to be paid only if he lives. And his surprise is not lessened when, as in the case at bar, he is told that although his interest has an appraised value, it has no market value because his donor, by a spendthrift trust, has made the gift unassignable and beyond the reach of creditors.

Despite these considerations and despite the opening deliberately left by the Supreme Court in Ryerson v. United States, 312 U.S. 405, 409, 61 S.Ct. 656, 85 L.Ed. 917, and by the Circuit Court of Appeals for the Second Circuit in Helvering v. Blair, 121 F.2d 945, 947, the fourth solution is precluded by Commissioner v. Brandegee, 1 Cir., 123 F.2d 58. Cf. Helvering v. Rubinstein, 8 Cir., Jan. 22, 1942, 124 F.2d 969; Paine v. Welch, D.C.Mass. Dec. 12, 1941, 42 F.Supp. 348; Fisher v. Commissioner, Dec. 9, 1941, 45 B.T.A. ——, and Hallowell v. Commissioner, Jan. 12, 1942, 45 B.T.A. ——; C.C.H. Inheritance, Estate and Gift Tax Service, paragraphs 7125, 7133. In this Circuit we must start with the assumption that a gift of income to A for life is a "present gift". Commissioner v. Brandegee, supra. It would be artificial to distinguish this case from Brandegee's case on the basis of the presence here of a spendthrift trust clause, especially since the Circuit Court of Appeals, in determining whether an interest was a present interest, has never relied on questions of value or marketability (Welch v. Paine, 1 Cir., 120 F.2d 141, 142 fifth full paragraph, 143), but has relied on Treasury Regulation 79 (1933 Ed.) Art. 11, and later regulations, Congressional reports and standard definitions adopted by the American Law Institute, Restatement of Property, Future Interests, Section 153 et passim, none of which treat value, marketability, or assignability as relevant.

The choice is limited, therefore, to the second or third solutions.

Beginning with the premise in the Brandegee case, a logician could go a long way toward supporting the third solution. If a gift of $5,000 to trustees to pay the income to A for life is a present interest, what is to be said of these gifts: (1) $200 to A each year so long as he lives; (2) $200 to A the first year, if he lives, $300 to A the second year, if he lives, $400 to A the third year, if he lives, etc.; (3) $200 to A the first year, if he lives, $200 to A the second year, if he lives, etc. and $5,000 to A the fifteenth year, if he lives; and finally, (4) the income on $5,000 to A each year he lives for the next fifteen years, and then $5,000 to A in the fifteenth year?

To the argument implied in that progression, the answer is that historically lawyers have treated gifts of income beginning at once and lasting for life, or for a period of years, as a "present interest" and gifts of principal at a future date

as a "future interest"; that Congressional committees and the Treasury appear to have had some such distinction in mind; and that this and other circuits in construing the gift tax statute have used that line of distinction in cases where the gifts of income and of principal were to different persons. Commissioner v. Brandegee, 1 Cir., 123 F.2d 58, Welch v. Paine, 1 Cir., 120 F.2d 141, 143, 144. Cf. Helvering v. Rubinstein, 8 Cir., Jan. 22, 1942, 124 F.2d 969; Commissioner v. Taylor, 3 Cir., 122 F. 2d 714. See Paul, Federal Estate and Gift Taxation, Section 15.11, vol. 2, pp. 976, 977. No historical reason justifies abandoning the distinction in cases where the gifts of income and of principal are to the same person and are therefore regarded by donor and donee as one gift. Fisher v. Commissioner, supra. But see Kinney v. Anglim, D.C.N.D.Cal. Sept. 18, 1941, 43 F.Supp. 431.

On the basis of authority, I conclude that the gifts of corpus here are gifts of "future interests in property" and are subject to the gift tax, and that the gifts of income here are gifts of "present interests" and are excludable up to $5,000 for each beneficiary.

I should add that I have not overlooked the point that this decision is anomalous in one respect. If the gift had been to a trustee to pay the income to A for life with remainder to B, or if the gift had been to a trustee to pay the income to A until he was 35, if living, and then to pay the principal to him, if living, then the donor would have received a larger deduction than I am allowing, although in each of the supposititious cases the gift to A would have been of less value than the gift that was actually made. I have thought of the possibility of avoiding this apparent injustice by allowing the donor to make a deduction, not upon the present value of the probable income payments to A, but instead upon the basis of the present value of hypothetical payments of the income on $5,000 to A for life. But I do not see how I can make such an allowance in view of decisions of the Circuit Court of Appeals that payments of principal at a future date are "future interests" which Congress has said cannot be excluded from gift tax computations. Welch v. Paine, 1 Cir., 120 F.2d 141; Commissioner v. Brandegee, 1 Cir., 123 F.2d 58. Cf. United States v. Pelzer, 312 U.S. 399, 61 S.Ct. 659, 85 L.Ed. 913.