BRISTOL v. WELCH, formerly Collector of Internal Revenue.

Civ. A. No. 1256.

District Court, D. Massachusetts.

June 19, 1942.

Frank H. Noyes, of Boston, Mass., for plaintiff.

Edmund J. Brandon, U. S. Atty., and George F. Garrity, Asst. U. S. Atty., both of Boston, Mass., Samuel O. Clark, Jr., Asst. Atty. Gen., and Andrew D. Sharpe, Alvin J. Rockwell, and Lyle M. Turner, Sp. Assts. to Atty. Gen., for defendant.

FORD, District Judge.

This is a suit for the refund of taxes and interest in the aggregate amount of $340.63 together with interest from the date of payment, paid with respect to gifts made during the years 1935 and 1936.

The facts were stipulated and are as follows:

On June 3, 1932, the plaintiff transferred 90,000 shares of the capital stock of the Foxboro Company and three policies of insurance upon his own life to himself and his son, Rexford A. Bristol, as trustees under an agreement of trust of the same date.

On December 16 and 21, 1935, the plaintiff made nine separate gifts of paid-up policies of insurance upon his own life of a value of $24,400.09 to the same trustees.

On January 7, 1936, the plaintiff made gifts of four separate parcels of real estate of the value of $7,269.31 to the trustees.

It was with respect to these transfers in 1935 and 1936 that the taxes involved here were assessed and collected. In computing the tax due for each year (1935 and 1936), the plaintiff was allowed one exclusion in the sum of $5,000 on the now erroneous theory that the trust was the donee of the gifts and not the beneficiaries under the trust. Cf. Helvering v. Hutchings, 312 U.S. 393, 61 S.Ct. 653, 85 L.Ed. 909.

By the terms of the agreement of trust the trustees reserved the right to make additions to the trust to be held under the terms of the trust agreement and after paying, or making provision for the payment of the proper expenses of the trust, and paying, or making proper reservations for the payment of taxes or liens due or about to become due, and making any payments they may elect to make under Article VII or be required to make under Article VIII of the trust agreement, the trustees were to distribute the remaining net income annually or oftener at the discretion of the trustees to the six children (one of whom was Rexford A. Bristol, a trustee) of the donor during the lives of the children. If any of the six named beneficiaries died before the termination of the trust, such beneficiary's share was to be paid and distributed to the issue of such deceased beneficiary; if there was no issue of a deceased beneficiary, or the issue died before termination of the trust, then the share of the deceased beneficiary was to be paid in equal shares to the surviving beneficiaries, or, in the case of the death of any of them, to the lawful issue by right of representation.

The trust was to terminate one year after the death of the survivor of the trustees or sooner under conditions not material to the issues here. Upon termination of the trust, the then trustees after (1) paying all proper expenses and charges of the trust, (2) paying or making reservations for the payment of taxes or liens due or to become due, and (3) making any payments which the trustees may elect to make under Article VII (which payments were to be made out of income if practicable, but if not, out of principal), the principal was to be transferred to the six beneficiaries or surviving issues in the same manner as income payments.

Article V provided that the trust agreement so far as it relates to (1) the manner of payment of, and (2) the respective shares of the net income either to be paid to and distributed among the six specifically above-named beneficiaries and their issue, or paid for the benefit of such beneficiary or of such beneficiary's issue under Article VIII, may, during the life of the trustor, be altered and/or amended by and in accordance with the written agreement of both trustor and at least two out of the six specifically above-named beneficiaries.

By Article VII, by and with the consent of the donor's executors or administrators, or by and with the consent of such of the then beneficiaries as are then living, the then trustee or trustees could pay (1) any debt of the donor or of his estate; (2) any or all funeral expenses or expenses incident to the administration of his estate; (3) any inheritance, gift, or estate taxes upon or relating to the settlement of the donor's estate; and (4) purchase and retain as an investment for the trust estate any securities or other property belonging to

678

the plaintiff's estate and make loans to the donor's estate with or without security.

By Article VIII, the trustees were entitled to pay from the net income of the trust all premiums on life insurance, present or future, of which (1) the insured, (2) the then owner, or (3) any then beneficiary, may then in fact be one of the then living beneficiaries of the trust. Also, by this Article the trustees were permitted to surrender, convert, borrow on, or otherwise deal with any of the policies transferred to the trust as any owner might do.

Of the nine insurance policies transferred to the trust, five were eligible to share in any dividends which might be declared thereafter by the issuing companies, but the companies did not guarantee, and were under no obligation, to declare or pay any such dividends. The remaining four policies were not eligible to share in any such dividends. The total dividends paid for 1936 on the first group of these policies amounted to $105.73. Total cash surrender value of the nine policies of the date of the gifts amounted to $23,261.28.

Of the four parcels of real estate conveyed to the trust, two were subject to mortgages at the date of the gifts in the respective amounts of $2,889.75 and $1,040.30.

On December 16, 1935, Rexford A. Bristol, a co-trustee and a beneficiary under the trust agreement made a gift of an insurance policy upon his own life in the face amount of $75,000 to the trustees to be held and administered in accordance with the terms of the trust. At all times this policy has been treated as the three policies transferred June 2, 1932. Premiums were paid on all four of these policies in 1935 and 1936.

Premiums of substantial amounts were paid out of net income by the trustees on the policies of insurance on the life of four of the six beneficiaries of the trust (Exhibit A, Schedule II) pursuant to Article VIII of the agreement of trust. Other policies were in existence on December 1, 1935, or prior to December 31, 1936, on which premiums were not paid by the trustees but which, had the trustees known of their existence, could have been considered eligible for such premium payments in that one of the six children was either the insured, the then owner, or the beneficiary of the policy.

The question involved here in view of the fact that the plaintiff has already been allowed exclusions of $5,000 for the years 1935 and 1936 is whether the gifts were of present interests in sufficient amounts to require the allowance of additional exclusions for either or both years.

Section 504(b) of the Revenue Act of 1932, c. 209, 47 Stat. 169, 26 U.S.C.A. Int. Rev.Acts, page 585, is the applicable provisions of the statutes. Treasury Regulations 79, 1936 Ed., promulgated under the Revenue Act of 1932, defines "future interests" in property as interests "which are limited to commence in use, possession, or enjoyment at some future date or time".

■ Under Article VIII of the trust agreement, the trustees were privileged in their discretion to pay out of net income all premiums on life insurance under which a beneficiary was the insured, the owner, or the then beneficiary, and substantial payments were made under this power and other payments could have been made on other policies if the trustees had knowledge of them. Such a power vested in the trustees is not compatible with the existence of a present interest in accordance with Section 504(b) of the Revenue Act of 1932. Further, Article II of the trust agreement allowed the trustees before computing the net distributable income to pay off any taxes and liens due or to become due on the real estate. This power must be considered in conjunction with the right of the trustees to add property to the trust. These facts cause this case to fall within the principles laid down in the cases of Commissioner v. Brandegee, 1 Cir., 123 F.2d 58; Helvering v. Blair, 2 Cir., 121 F.2d 945; and Vogel v. United States, D. C., 42 F.Supp. 103.

■ The gifts of principal, i. e., the insurance policies, under the conditions obtaining, and the real estate, are future interests within the principles laid down in Welch v. Paine, 1 Cir., 120 F.2d 141, and Charles v. Hassett, D.C., 43 F.Supp. 432.

The conclusion of law is that the taxes here were properly assessed and collected.

Judgment for the defendant with costs.