PETER GARVEY *vs.* WILLIAM P. GARVEY.

Hampden.     September 24, 1889. — November 27, 1889.

Present: MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Bequest in Trust — Exercise of Discretion by Trustee — Removal.*

A testator, by his will, bequeathed various small sums of money in trust to the
same trustee, one of which was to be paid to a son, "as by sickness or other mis-
fortune he may need the same, provided, moreover, that any and all such pay-
ments shall be left entirely to the good judgment of the said trustee," any
unexpended balance thereof at the son's death to go to the trustee and his
heirs. The son, who himself continued in good health, because of sickness
and death in his family incurred unusual expenses, and applied to the trustee
for a sum less than the fund, being unable otherwise to meet such expenses
without a sale or mortgage of his homestead. The trustee, who was unfriendly
to him as well as influenced by his pecuniary interest, refused to help him, on
the ground that he was entitled to assistance only for a misfortune personal
to himself. *Held,* that the trustee should be directed to pay to the son the
amount of such expenses, but that he need not be removed.

BILL IN EQUITY, filed in the Superior Court on December 3,
1888, for the removal of William P. Garvey, the trustee under
the will of Andrew Garvey, and to reach and apply for the
plaintiff's benefit a fund in the hands of such trustee. The
case was heard by *Brigham,* C. J., and reserved for the determi-
nation of this court. The facts appear in the opinion.

*E. H. Lathrop*, for the plaintiff.

*C. L. Long*, for the defendant.

MORTON, C. J.   Andrew Garvey, by his will, bequeathed certain sums of money to his son, the defendant, upon the trust to pay " four hundred dollars to my son Peter Garvey of said Springfield, to be paid to him by the said trustee at such time or times, and in such sum or sums, as by sickness or other misfortune he may need the same, provided, moreover, that any and all such payments shall be left entirely to the good judgment of the said trustee."   The will makes a similar provision for the testator's son John Garvey, and further provides that " any balance of said funds, not expended at the decease of my said sons Peter and John, shall be and become the property of said William P. Garvey and his heirs."

It appeared at the hearing in the Superior Court, that the plaintiff's family at the death of his father, in June, 1882, consisted of his wife, three sons, and three daughters; and that his eldest son, twenty-seven years old, died in August, 1885, one of his daughters, fifteen years old, died in November, 1888, and a son, twenty-three years old, died in March, 1889, all of the disease of consumption, after long and lingering sickness.   His family now consists of his wife, dying of consumption, developed in November last, a daughter twenty years old, a son near manhood, and a granddaughter eight years old.   He paid in part the expenses of the last sickness and funeral of his son and of his daughter, and is now under liabilities on account thereof to the amount of two hundred dollars.   His property consists of the house in which he lives, worth from twelve to fourteen hundred dollars.   He earns one dollar and a half a day, and his minor son earns the same amount.   The plaintiff has not himself been sick since his father's death.

The Superior Court further found the following facts:   Upon the death of his daughter in November last, and again upon the death of his son in March last, plaintiff asked of defendant money to enable him to pay the expenses of the last sickness and funeral of said daughter and of said son, but the defendant refused to pay to plaintiff any moneys, saying that his father did not leave any money to him in trust for spending it on plaintiff's family, and that, as plaintiff was not sick, and did not need money for

his misfortunes, he had nothing for him. Defendant and plaintiff, although both live in Springfield, have no social intercourse with each other, and are not friendly towards each other; and in refusing the claims of plaintiff for money under the trust for his benefit in his father's will, defendant has manifested a hostile disposition towards plaintiff, and the influence of a pecuniary interest to withhold from plaintiff any benefit or assistance from said trust."

It was not the intention of the testator merely to confer upon the trustee a bare power to furnish aid to the plaintiff if he saw fit. It contemplates that the plaintiff might by sickness, or other misfortune, be in need of his father's bounty, and its purpose and legal effect are to give him the right to such bounty if he is thus in need. It gives to the trustee a large discretion to judge of such need, but it is not an arbitrary and unlimited discretion; he is to act upon his " good judgment," and not upon his mere will or caprice, or from selfish or corrupt motives. He ought to exercise the good judgment which a reasonable man, having no hostility to the plaintiff or selfish interest of his own, would exercise under the same circumstances. *Wilson* v. *Wilson*, 145 Mass. 490.

It seems to us that the facts of this case show that an exigency in the plaintiff's life has arisen in which his father intended that he should have assistance from the bequest in his favor in the will. He needed such assistance by reason of " sickness or other misfortune," within the fair meaning of the will. He was called upon to endure misfortunes in the long sickness and death of his children, entailing upon him unusual expenses, which can be met only by a mortgage or sale of his little homestead. This presents a case of need of assistance which a fair-minded trustee would consider as calling for aid according to the intention of the testator. The defendant acted under a mistaken view of his rights and duties when he refused assistance on the ground that no money was left to be spent on the plaintiff's family, and that " plaintiff was not sick, and did not need money for his misfortunes." And when we consider that, in doing this, he acted under " a hostile disposition towards plaintiff, and the influence of a pecuniary interest, to withhold from plaintiff any benefit or assistance from said

trust," and thus appropriate the whole trust fund to his own use, we think a case is made out in which the plaintiff has been unjustly dealt with, and the intention of the will defeated. The trustee has not fairly performed his duty, and the plaintiff has the right to invoke the aid of a court of equity to protect and enforce his rights. As the trustee holds other funds upon similar trusts, and the amount held in trust is small, we think the interests and rights of the parties can be protected, without removing the trustee, by a decree that he shall pay the plaintiff the amount of the liability he is under for the unusual expenses caused him by the sickness and death of his children, leaving the balance in the hands of the trustee to be paid if in the future the plaintiff by reason of sickness or other misfortunes is in need, according to the reasonable and impartial judgment of the trustee, as contemplated in the will.

*Decree accordingly.*