411 S.E.2d 242

Benton POLLOK (now Jessie Carter), as Guardian of the Person and Estate of Charles Loraine Stinson, Plaintiff Below, Appellant,

v.

Emily PHILLIPS, Individually and as Executrix and Trustee for the Estate of Virginia Stinson Smith, and the Estate of Virginia Stinson Smith, Defendant Below, Appellees.

No. 20003.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 25, 1991.

Decided Oct. 31, 1991.

David W. Johnson, Lewis, Ciccarello & Friedberg, Charleston, for appellant.

Otis L. O'Connor, Steptoe & Johnson, Charleston, for appellee.

PER CURIAM:

This appeal involves the question of whether the trustee of a trust, who ostensibly has absolute, discretionary powers to make distributions of trust income, has actual, unbridled discretion or has some duty to make distributions to the guardian of an incompetent beneficiary. The circuit court, in effect, found that the trustee has unbridled discretion and has no duty to make distributions. After reviewing the record and the questions presented, this Court disagrees and find that, under the particular facts of the case, the trustee does have a duty to make distributions to the guardian of an incompetent beneficiary.

On May 14, 1981, Virginia Stinson Smith entered into a trust agreement with Emily Phillips. That agreement created a revocable trust over which Emily Phillips was the trustee. Item 3(a)(ii) of the agreement provided:

Upon the death of the Settlor, the Trustee shall thereafter pay the net income derived from the trust property, or apply it for their benefit, to or for John J. Smith, the husband of Settlor, and Charles Loraine Smith, son of the Settlor, for and during their natural lives in such amounts and proportions for each

as the Trustee in her sole discretion shall determine.

Item 5 of the agreement further provided:

If at any time any of the beneficiaries are under legal disability or are, in the opinion of the Trustee, incapable of managing his or her affairs, the Trustee may use so much of such income for his or [sic] support, maintenance and welfare as the Trustee determines to be required for those purposes.

The agreement added that the trustee could use such portion of the net income of the trust as she reasonably required for her own support and welfare at any time during the existence of the trust and provided that, upon the termination of the trust, the trustee would receive the residue of the trust property as her own property absolutely.

After entering into the trust agreement, Virginia Stinson Smith died on or about December 1, 1983, and, in the fourth article of her will dated May 14, 1981, she stated:

If my husband, John J. Smith, and my son, Charles Loraine Smith, are living at the time of my death, then I give, devise and bequeath all the rest, residue and remainder of my property, real and personal, and wheresoever situate, to Emily Phillips, or to that person who at the time of my death is serving as Trustee under a certain instrument of revocable trust, dated May 13, 1981, and entitled "Virginia Stinson Smith Revocable Trust", to be added to the property then held in trust and to be held and administered in accordance with the terms of the trust, as stated in said instrument of revocable trust and as it may be hereafter amended.

After the death of Virginia Stinson Smith, her son, Charles Loraine Stinson, who was named as a beneficiary of the trust and who was incompetent, initially resided with the trustee, Emily Phillips. In time, however, members of his family became concerned about his welfare and transported him to the State of Virginia, where the appellant, Benton Pollok, was appointed guardian of his person and estate.

After Charles Loraine Smith was transported to Virginia, Emily Phillips, as trustee of the Virginia Stinson Smith Trust, refused to make any payments for his support, maintenance, or welfare, other than payments on a medical insurance policy.

On January 23, 1985, the appellant, as the guardian of the person and estate of Charles Loraine Stinson, instituted the present action in the Circuit Court of Kanawha County against Emily Phillips in which he, among other things, asked the court to declare that the trust agreement between Virginia Stinson Smith and Emily Phillips imposed a nondiscretionary duty upon Emily Phillips, as trustee of the trust, to disburse funds for the support, maintenance, and welfare of Charles Loraine Smith. Numerous documents were filed in the proceeding, and a hearing was conducted.

At the conclusion of the proceedings, the circuit court, in a memorandum opinion and order issued on August 21, 1990, ruled that the trust instruments made all distributions from the trust corpus and income discretionary in nature and, in effect, denied the appellant's prayer that Emily Phillips make distributions for Charles Loraine Smith's benefit.

In the present appeal, the appellant argues that the circuit court's ruling was erroneous and that the trust document does impose a nondiscretionary duty on the trustee to make disbursements for the support, maintenance, and welfare of the appellant's ward.

 This Court has ruled that, as a general rule, a trust should be construed to give effect to the intention of the settlor. The specific rule, as set forth in syllabus point 1 of *Hemphill v. Aukamp*, 164 W.Va. 368, 264 S.E.2d 163 (1980), states:

The paramount principle in construing or giving effect to a trust is that the intention of the settlor prevails, unless it is contrary to some positive rule of law or principle of public policy.

*See also Berry v. Union National Bank*, 164 W.Va. 258, 262 S.E.2d 766 (1980); *Farmers & Merchants Bank v. Farmers & Merchants Bank*, 158 W.Va. 1012, 216

S.E.2d 769 (1975); *Weiss v. Soto*, 142 W.Va. 783, 98 S.E.2d 727 (1957); and *Goetz v. Old National Bank*, 140 W.Va. 422, 84 S.E.2d 759 (1954).

■ The Court has further recognized that, in ascertaining the intent of the settlor, the entire document creating the trust should be considered. Every word should be given effect. *See Hemphill v. Aukamp, supra.*

■ In a case somewhat similar to the present case, *Emmert v. Old National Bank of Martinsburg*, 162 W.Va. 48, 246 S.E.2d 236 (1978), the Court indicated that, while a trust may use words of discretion such as "may," the discretion of a trustee is not without limits. A trustee is required to act within the bounds of reasonable judgment so as to carry out the settlor's overall intent. This principle is generally recognized, and, relating to it, a leading authority on the law of trusts has stated:

> In determining whether the trustee is acting within the bounds of reasonable judgment the following circumstances may be relevant: (1) the extent of discretion intended to be conferred upon the trustee by the terms of the trust; (2) the existence or nonexistence, the definiteness or indefiniteness, of an internal standard by which the reasonableness of the trustee's conduct can be judged; (3) the circumstances surrounding the exercise of the power; (4) the motives of the trustee in exercising or refraining from exercising the power; (5) the existence or nonexistence of an interest in the trustee conflicting with that of the beneficiaries.

III A. Scott & W. Fratcher, *The Law of Trusts* § 187 (4th ed. 1988).

In *Emmert v. Old National Bank of Martinsburg, supra*, this Court found that a trustee had a duty to invade the corpus of a trust where the settlor granted the trustee power to make such an invasion and where the language of the settlor's action appeared to be couched in completely discretionary terms by the use of the word "may." The Court found, from an overall reading of the document establishing the trust, that the settlor clearly intended to provide for his son, who was a princi-

pal beneficiary, and that the trustee's duty, although couched in discretionary language, was to provide for the beneficiary where the beneficiary was in necessitudinous circumstances.

After reading the documents involved in the present case, this Court is of the opinion that the primary object of the settlor in establishing the trust in issue was to provide for her husband, who is now deceased, and for her son, Charles Loraine Stinson. Rather clearly, in Item 3(a)(ii) of the Trust Agreement the settlor used the mandatory word "shall" to require the trustee to apply the net income of the trust for the benefit of her husband and son. Further, in Item 5 the settlor focused primarily upon the "support, maintenance and welfare" of her beneficiaries.

In this Court's view, it is evident that a principal intent of the settlor in establishing the trust was to provide for her husband and son. In the event they were competent, the settlor, by the use of the word "shall" imposed a mandatory duty upon the trustee to pay the income of the trust to them or to apply it for their benefit. While it is entirely conceivable that the settlor might have intended that her husband and son receive the benefit of income rather than payment directly to them in the event they became incompetent, or as she said in Item 5 "incapable" of managing their own affairs, this Court cannot believe that the settlor suffered an anticipatory abatement of affection and concern for her husband and son when she contemplated their potential incompetency and inability to manage their own affairs or that she intended to deprive them of the benefit of her trust in the event they became incompetent.

It has been generally recognized that the fact that a trustee has an interest conflicting with that of a beneficiary is a circumstance which may properly be considered in determining whether the trustee is acting from an improper motive in exercising his discretionary power. III A. Scott & W. Fratcher, *The Law of Trusts* § 187.5 (4th ed. 1988); *Colton v. Colton*, 127 U.S. 300, 8 S.Ct. 1164, 32 L.Ed. 138 (1888); *McDonald*

*v. McDonald,* 92 Ala. 537, 9 So. 195 (1890); *Mesler v. Holly,* 318 So.2d 530 (Fla.App. 1975); *Garvey v. Garvey,* 150 Mass. 185, 22 N.E. 889 (1889).

In the present case, because of the structure of the trust involved, and because the trustee will ultimately take the remainder of the trust, any payment to the settlor's son or his guardian necessarily will reduce what the trustee herself will receive as the ultimate beneficiary. In effect, the trustee has both a fiduciary obligation and a beneficial interest in the trust property. The conflict of interest potentiality is an additional fact which compels this Court, as it compelled the courts in the cases cited above, to conclude that it should not be held that the trustee has unbridled discretionary powers.

In this Court's view, the settlor's intention rather clearly was that the trust income be used principally, and primarily, for the support, maintenance, and welfare of the settlor's husband and son for so long as they lived, and the Court believes that, given the circumstances surrounding the trustee's actions in the present case, the trustee, by refusing to provide for the support, maintenance, and welfare of the settlor's son, Charles Loraine Stinson, has effectively circumvented the principal intention of the settlor and has acted in a self-serving manner conflicting with the best interests of Charles Loraine Stinson.

For the reasons stated, the judgment of the Circuit Court of Kanawha County is reversed, and this case is remanded to the circuit court with directions that the court determine the amount of reasonable disbursements for the support, maintenance, and welfare of Charles Loraine Stinson. The circuit court is further directed to direct the trustee of the Estate of Virginia Stinson Smith to make disbursements from the Virginia Stinson Smith Trust on a regular basis in such reasonable amounts to the legal guardian of the person and estate of Charles Loraine Stinson, so long as Charles Loraine Stinson shall remain under a disability. In the event of the removal of such disability, such payments should be made directly to the beneficiary.

Reversed and remanded with directions.