In re Robert Lawrence CONNER and
Lisa Marie Conner, Debtors.

and

Martin P. Sheehan, Trustee of the
Bankruptcy Estate of Robert L.
and Lisa M. Conner, Plaintiffs,

v.

Wesbanco Bank Wheeling, successor trustee under a deed of trust created by the will of Arthur C. Kennen, and Lisa Marie Conner, Defendants.

Bankruptcy No. 98–52834.
Adversary No. 98–5168.

United States Bankruptcy Court,
N.D. West Virginia.

April 1, 1999.

Martin Sheehan, Wheeling, WV, for plaintiffs.

Denise Snyder, James C. Gardill, Wheeling, WV, for defendants.

## MEMORANDUM OPINION AND ORDER

L. EDWARD FRIEND, II, Bankruptcy Judge.

This adversary proceeding is before the Court pursuant to the Bankruptcy Trustee's Complaint for Declaratory Judgment and For Turnover of Property. The Bankruptcy Trustee seeks to terminate a trust, in which one of the debtors is a beneficiary, and recover the proceeds of said trust for the benefit of the bankruptcy estate. This Court has jurisdiction by virtue of 28 U.S.C. § 1334 and the standing order of reference in this District. The matter before the Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(E).

## I.  FACTS

### A.  Terms of the Testamentary Trust

The facts of this case are undisputed. One of the debtors, Lisa Marie Conner, is the beneficiary of a trust ("trust") established by the last will and testament ("will") of her paternal grandfather. More specifically, Arthur C. Kennen ("Testator"), who died on March 17, 1947, created a testamentary trust which was designed to benefit his second wife, Thelma R. Kennen, as well as his children and/or any grandchildren. When the Testator passed in 1947, he had three children from a first marriage and four children from his second marriage to Thelma R. Kennen. These children were Charles A. Kennen; Russell R. Kennen; Arthur C. Kennen, Jr.; George R. Kennen; Beverly A. Passa; Myrna L. Lewis; and Edward W. Kennen. Pursuant to the terms of the will, Thelma R. Kennen and Wesbanco [1] were appointed as the trustees of the trust.

The Testator's will also provided for various distributions of the assets contained in the trust. Under the clause in the will identified as "Item 4," the Testator's second wife, Thelma R. Kennen, was to receive the income from the corpus of the Testator's estate for her life.[2] At the death of Thelma R. Kennen, "Item 6" of the Testator's will provided that the remainder of his estate was to be held in trust to benefit the Testator's children and/or any issue of the Testator's children if said child was deceased at Thelma's death.[3] The Testator's children, or the issue of these children, were to receive the

1. Wesbanco is the successor to the original co-trustee, the National Exchange Bank of Wheeling.

2. Item 4 of the will provided:
   Item Four: I hereby authorize and empower my said Trustees to pay the income from the corpus of my said Estate to my said wife for and during her natural life, and with the power to invade the principal of said Estate if both of said Trustees deem it advisable; however, in the event my said wife shall remarry, then she shall receive only one-third (⅓) of the income from the corpus of my said Estate.

3. The full text of Item 6 provides:
   Item Six: In the event of the remarriage, renunciation or death of my said wife, I give, devise and bequeath all the rest and residue of my Estate to the National Exchange Bank of Wheeling, a corporation, and my wife, Thelma R. Kennen, as Trust-

income from the trust until the corpus was eventually distributed equally to each beneficiary as follows: one-third of each beneficiary's share would be distributed to said beneficiary at the age of twenty-one; one-third when each beneficiary reached the age of thirty; and the remaining one-third when each beneficiary reached forty.

Finally, Item 8 of the Testator's will contained a spendthrift provision which stated that the principal and income of the trust would not "be liable for the debts of any beneficiary...." Additionally, Item 8 provided that the principal and income would not be subject to seizure by any creditor or relative of any beneficiary, and the beneficiaries could not "sell, assign, transfer, encumber or in any manner ... dissipate or dispose of any interest in his or her trust fund or the income produced thereby."

### B. *Distribution Under the Trust*

The testator's second wife, Thelma R. Kennen, died on May 21, 1986. Thus, her life estate, established under the Testator's will, terminated at that time. At Thelma's death, six of the Testator's seven children were still alive. Moreover, because the six surviving children had all attained the age of forty at the time of Thelma's death, they took their full shares in the trust at that time.

The only child of the Testator that did not survive Thelma R. Kennen was Arthur C. Kennen, Jr. Arthur C. Kennen, Jr. died on June 28, 1985, and under the terms of the Testator's will his share of the trust passed to his children, Lisa Marie Conner and Frank H. Kennen. Because of the age limitations set forth in the Testator's will regarding distribution of the corpus of the trust, Wesbanco maintained Frank's and Lisa Marie's share of the trust until such time as they reached the ages specified in the will. More particularly, Frank and Lisa Marie received distributions from the trust at age 21, and both received a second distribution at the age of thirty. At this time, however, Lisa Marie has not reached the age of forty [4] and Wesbanco still holds the final distribution in trust as directed by the Testator's will.

### C. *Bankruptcy*

On October 20, 1998, Lisa Marie Conner and her husband, Robert L. Conner, filed a petition for relief under Chapter 7 of the Bankruptcy Code. In administering the Conner's bankruptcy estate, the Chapter 7 Trustee, Martin P. Sheehan, filed this adversary proceeding claiming that the final distribution due Lisa Marie Conner under the testamentary trust is an asset of the bankruptcy estate pursuant to 11 U.S.C. § 541. The Trustee sets forth two grounds for claiming that the final distribution is an asset of the bankruptcy estate: 1) the age limitations set forth in the Testator's will only apply to children of the Testator and not grandchildren; and 2) the age limitations in the Testator's will are in violation of the Rule Against Perpetuities.

## II. DISCUSSION

### A. *Spendthrift Trusts Under Bankruptcy Law*

In enacting the Bankruptcy Code, it is clear that Congress intended that as

---

ees for all of my children, or any after-born children, or to the issue of any of my deceased children, and if there be no issue then to their estate, so that the child or children collectively of any deceased child shall take only the part which his, her or their parent would have taken if living, the income of which shall be divided equally and payable quarterly and which income shall be used for educational purposes and other necessary expenditures as my seem proper in the sound discretion of the said Trustees.

The said Trustees shall hold the corpus of my said estate until such time as each child shall reach the age of twenty-one (21) years, when one-third (⅓) of said child's share in said Estate shall be paid to said child; one-third (⅓) when said child reaches the age of thirty (30) years, and the remaining one-third (⅓) when the said child reaches the age of forty (40) years.

4. Lisa Marie will achieve the age of forty in 2007.

much of the debtor's property as is practicable be included in the bankruptcy estate. *See* 11 U.S.C. § 541(a)(1) (1994). Section 541(a)(1) specifically includes in the debtor's bankruptcy estate "all legal or equitable interests of the debtor in property as of the commencement of the case."[5] *Id.* Congress has, however, provided an exception to the general rule of inclusion of all property in the bankruptcy estate. *See* 11 U.S.C. § 541(c)(2) (1994). For example, section 541(c)(2) applies to beneficial interests that contain restrictions on transfers. *See id.* More specifically, section 541(c)(2) provides that "a restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this section." *Id.*

In this case, the applicable nonbankruptcy law that applies is West Virginia law. As both parties to the case seem to concede, the spendthrift clause contained in Item 8 of the Testator's will is valid under West Virginia law. *See Keller v. Keller,* 287 S.E.2d 508, 169 W.Va. 372 (1982); *Hoffman v. Beltzhoover,* 76 S.E. 968, 71 W.Va. 72. (1912). *See also* W.Va.Code § 36–1–18 (Supp.1998). Thus, the only question that remains is whether trust property subject to a valid spendthrift clause is excluded from the bankruptcy estate under section 541(c)(2).

This issue is not only well settled under Fourth Circuit precedent, but it is also well settled under Supreme Court precedent. In *Patterson v. Shumate,* 504 U.S. 753, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992), the Supreme Court clearly recognized that section 541(c)(2) operates as an exclusion of property defined therein from the bankruptcy estate. *Id.* More particularly, the Patterson court stated that "the

natural reading of [section 541(c)(2) ] entitles a debtor to exclude from property of the estate any interest in a plan or trust that contains a transfer restriction enforceable under any relevant nonbankruptcy law." *Id.* at 758. The Fourth Circuit addressed this same issue in *Anderson v. Raine (In re Moore),* 907 F.2d 1476 (4th Cir.1990). In *Moore,* the court stated that "if 'applicable nonbankruptcy law' enforces a restriction on the transfer of a debtor's interest in a trust, that interest will not be considered part of the bankrupt's estate." *Id.* at 1477.

In light of the above precedents, it is clear that the remaining interest of Lisa Marie Conner in the trust created by her grandfather, is not part of the bankruptcy estate because it is subject to a valid spendthrift clause. The inquiry, however, does not end there. As discussed in more detail below, the Bankruptcy Trustee asserts that for two different reasons the trust has terminated and the remaining interest of Lisa Marie Conner should now become part of the bankruptcy estate.[6]

## B. *The Rule Against Perpetuities*

■■■ The rule against perpetuities was established under the common law in order to advance the public policy that a testator "cannot control the devolution of his property for an inordinate period of time." *Berry v. Union Nat'l Bank,* 262 S.E.2d 766, 770, 164 W.Va. 258, 264 (1980). *See also First Huntington Nat'l Bank v. Gideon–Broh Realty Co.,* 79 S.E.2d 675, 139 W.Va. 130 (1953). In order to promote this public policy, the rule provides that:

(E)very executory limitation, in order to be valid, shall be so limited that it must necessarily vest, if at all, within a life or

---

5.  The complete text of section 541(a)(1) provides:

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or

equitable interests of the debtor in property as of the commencement of the case.

6.  In essence, the Bankruptcy Trustee asserts that if the trust has terminated, the spendthrift clause is irrelevant and the remaining trust assets come into the bankruptcy estate.

lives in being, ten months and twenty-one years thereafter, the period of gestation being allowed only in those cases in which is it is a factor.

*Berry*, 262 S.E.2d at 770, 164 W.Va. at 264. "If a testator creates an estate which vests or has the possibility of vesting after a life in being plus twenty-one years and a period of gestation, the estate violates the rule against perpetuities and the testator's intent will be defeated." *Id. See also Greco v. Meadow River Coal & Land Co.*, 113 S.E.2d 79, 145 W.Va. 153 (1960). "It is not enough that a contingent event upon which the vesting of the estate depends may happen, or even that it will probably happen within the limits of the rule. If it can by any reasonable possibility happen beyond those limits, the interest conditioned on it is too remote and is void." *McCreery v. Johnston*, 110 S.E. 464, 467, 90 W.Va. 80, 83 (1922).

■ The Bankruptcy Trustee argues that the remaining interest due Lisa Marie Conner under her grandfather's trust is violative of the rule against perpetuities. The Trustee's argument centers around the fact that the final distribution to Lisa Marie occurs when she reaches age forty. Thus, the Bankruptcy Trustee argues that this final distribution vests outside of any life in being plus twenty-one years. The Trustee, however, fails to recognize that Lisa Marie's interest in the trust vested at the date of death of Thelma R. Kennen. The rule against perpetuities applies only where by terms of the instrument which creates an estate, ***vesting*** thereof is to be or may be postponed beyond a period of life or lives in being and twenty-one years thereafter. *Post v. Bailey*, 159 S.E. 524, 110 W.Va. 504 (1931) (emphasis added). An estate "vests" in a person when there is conferred upon him a ***present*** and ***immediate interest,*** as distinguished from an interest the existence of which depends on a contingency. *Id. See also First Huntington Nat'l Bank v. Gideon–Broh Realty Co.*, 79 S.E.2d 675, 685, 139 W.Va. 130, 149 (1953) (emphasis added). The rule against

perpetuities merely refers to the time within which title vests and the rule is inapplicable to postponement of enjoyment. *Post*, 159 S.E. at 524; *Conley v. Gaylock*, 108 S.E.2d 675, 678, 144 W.Va. 457, 461 (1959); *Bennett v. Bennett*, 115 S.E. 436, 443, 92 W.Va. 391 (1922).

■ Here, Lisa Marie Conner's interest in the trust vested when Thelma R. Kennen passed on May 21, 1986. Under the terms of the trust, Thelma's death terminated her life estate in the trust and any remaining assets of the trust were to be held for the benefit of the Testator's surviving children. If any of the Testator's children predeceased Thelma R. Kennen, that predeceased child's share was to go to their issue or if no issue existed then to the estate of the predeceased child. So, the determination of which individuals or estates would share in the trust had to be finalized at the death of Thelma R. Kennen. In other words, the interests of all beneficiaries had to vest at the time of Thelma's death. All beneficiaries were to be known at that time. The only issue that was left open upon Thelma's death was the future distributions to all beneficiaries who had not yet reached the ages specified in the trust. As stated above, the postponement of enjoyment until a future date does not violate the rule against perpetuities. All beneficiaries were to be known and had a present and immediate interest at Thelma's death. Therefore, because Thelma R. Kennen was a life in being, there were no interests created by Testator's will which would violate the rule against perpetuities.

### C. *The Age Limitations Contained in the Will*

The Bankruptcy Trustee's final argument involves an interpretation of the language contained in Item 6 of the Testator's will. The Bankruptcy Trustee asserts that the age limitations for distributing the corpus of the trust, as set forth in the second paragraph of Item 6 of the will, only apply to children of the Testator, and do not

apply if a predeceased child's issue is the beneficiary. Thus, it is the Bankruptcy Trustee's position that the total corpus due to Lisa Marie Conner should have been distributed when Thelma R. Kennen passed in 1986. If this argument is correct, the final distribution due Lisa Marie Conner would be property of her bankruptcy estate.

Before addressing the specifics of the Bankruptcy Trustee's arguments, a general discussion on the principles of will construction would be helpful. "The cardinal rule in the construction of testamentary instruments is that a court should give effect to the intent of the testator." *Reedy v. Propst*, 288 S.E.2d 526, 528, 169 W.Va. 473, 475 (1982). *See also Pollok v. Phillips*, 411 S.E.2d 242, 186 W.Va. 99 (1991); *Hemphill v. Aukamp*, 264 S.E.2d 163, 164 W.Va. 368 (1980). In addition, the testator's intent should be carried out unless it violates a positive rule of law or established public policy. *Hemphill*, 264 S.E.2d at 165, 164 W.Va. at 371; *Reedy*, 288 S.E.2d at 528, 169 W.Va. at 475. Moreover, the testator's intent is generally determined by the words used in the trust document and such words should be given their common and ordinary meaning. *Loar v. Massey*, 261 S.E.2d 83, 164 W.Va. 155 (1979). Finally, the entire trust document must be considered and every word should be given effect in determining the intent of the testator. *Pollok*, 411 S.E.2d at 244, 186 W.Va. at 101; *Rogerson v. Wheeling Dollar Savings & Trust Co.*, 222 S.E.2d 816, 159 W.Va. 376 (1976).

Keeping the above principles in mind, the Court now turns to the Bankruptcy Trustee's argument that the age limitations contained in the Testator's will only apply to children of the Testator. In the first paragraph of Item 6 of the will, the Testator expresses his intent to establish a trust for his children upon the death of his second wife, Thelma R. Kennen. The first paragraph of Item 6 also provides that if any child of the Testator predeceases Thelma R. Kennen, that pre-

deceased child's share of the trust will go to the predeceased child's "issue." Paragraph one of Item 6 further states that the "children" of any predeceased child only takes part in the trust to the extent that the predeceased child would have taken part. Although the first paragraph of Item 6 is relatively clear, it is in the second paragraph of Item 6 where some confusion occurs. While the first paragraph of Item 6 makes it clear that the Testator's children and/or any grandchildren are to be the beneficiaries of the trust established at Thelma R. Kennen's death, the second paragraph of Item 6 only uses the term "child" when setting forth the ages at which the corpus of the trust is to be distributed to beneficiaries. The Bankruptcy Trustee argues that because the word child, and not the word grandchild, is used in paragraph two of Item 6, the age limitations only apply to the Testator's children. If any child of the Testator predeceased Thelma R. Kennen, the Bankruptcy Trustee asserts that the predeceased child's issue should have received the full corpus of the trust when Thelma R. Kennen died.

After careful consideration of the Bankruptcy Trustee's argument, the Court concludes that the Testator intended the age limitations contained in Item 6 to apply to all beneficiaries, including grandchildren. In construing a will, all words are presumed to have been used in a technical sense and should ordinarily be given their strict meaning. *See Security Nat'l Bank & Trust Co. v. Willim*, 158 S.E.2d 715, 720, 152 W.Va. 27, 35 (1968). This general rule, however, is not absolute and when it appears from the context of the document as a whole that another meaning was intended, then such words should not be applied in their technical sense. *Id.* More specifically, although the word child used in a will usually refers to the immediate descendants of the testator, the word may under some circumstances bear a broader meaning and connote grandchildren. *Transamerica Occidental Life Ins.*

Co. v. Burke, 368 S.E.2d 301, 305, 179 W.Va. at 335 (1988); *Rogerson v. Wheeling Dollar Savings & Trust*, 222 S.E.2d 816, 821, 159 W.Va. 376, 382 (1976); *Willim*, 158 S.E.2d at 720, 152 W.Va. at 36. Such a broader meaning may be applied if it is shown from the will, in light of all of the provisions taken as a whole, that the testator so intended a broader meaning. *Burke*, 368 S.E.2d at 305, 179 W.Va. at 335, *Rogerson*, 222 S.E.2d at 821, 159 W.Va. at 382; *Willim*, 158 S.E.2d at 720, 152 W.Va. at 36.

In consideration of the above precedents, it is clear to the Court that the Testator intended the age limitations contained in the second paragraph of Item 6 to apply to any and all beneficiaries. Although the will only uses the word child in setting forth the age limitations in paragraph two, taking the two paragraphs in Item 6 as a whole, it seems illogical to the court that the Testator would intend to only establish such age limitations for his children, but not any grandchildren who may take under the will. What purpose would be served by the Testator only providing for age limitations on his children, but not his grandchildren? The court is at a loss in coming up with a *reasonable* answer to that inquiry. Furthermore, because the trust is a spendthrift trust, it appears that the Testator established the age limitations on distributing the corpus so that each beneficiary would not receive any distributions until they reached certain ages of maturity. This purpose of establishing the age limitations would seem to apply equally to any beneficiary, whether child or grandchild. Therefore, the Court holds that the age limitations contained in Item 6 of the Testator's will apply to the Testator's grandchildren and Wesbanco properly applied said limitations in administering the trust.

### CONCLUSION

For all of the foregoing reasons, it is hereby **ADJUDGED** and **ORDERED** that:

1. The testamentary trust established under the last will and testament of Arthur C. Kennen is a spendthrift trust and, therefore is excluded from the bankruptcy estate under 11 U.S.C. § 541(c)(2);

2. The testamentary trust established under the last will and testament of Arthur C. Kennen is not in violation of the Rule Against Perpetuities; and

3. Wesbanco has properly applied the age limitations set forth in the second paragraph of Item 6 of the last will and testament of Arthur C. Kennen.

The Clerk is directed to transmit copies of this Order to the parties in interest.